IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ANDREW WALSH and DONTARIAN DAILEY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| DENDAR, LLC, | ) ) |
| Defendant. | ) ) |

No. 2:20-cv-02404-TLP-atc

JURY DEMAND

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Defendant Dendar, LLC moves to dismiss Plaintiff Andrew Walsh's discrimination claims based on violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112 to 12117.[1]  (ECF No. 8.)  Defendant argues that Mr. Walsh ADA claims should be dismissed because he failed to exhaust his administrative remedies as to those claims under 42 U.S.C. § 12117(a).  (*Id.*)  Plaintiffs responded to the motion.  (ECF No. 14.)  For the reasons below, the Court **GRANTS** Defendant's motion.

---

[1] Plaintiffs originally named Sisbro Management, LLC as the defendant in this case.  (ECF No. 1 at PageID 1.)  After Sisbro Management, LLC moved to dismiss Plaintiff Walsh's ADA claim, Plaintiffs amended their complaint to correct Defendant's name to Dendar, LLC.  (ECF No. 22.)  Plaintiffs made no other changes in their amended complaint.  (*Id.*; *see also* ECF No. 25.)  So Defendant Dendar, LLC provided notice to the Court that it intended to rely on Sisbro Management LLC's original motion to dismiss.  (ECF No. 24.)  As a result, the Court now considers the motion to dismiss and related briefings as if Defendant Dendar, LLC filed them. And because the only change between Plaintiffs' complaint and amended complaint was Defendant's name, the Court's references to the "complaint" in this order refers equally to the amended complaint.

## BACKGROUND

Plaintiffs allege these facts in their complaint.[2]  Plaintiffs Andrew Walsh and Dontarian Dailey say that Defendant discriminated and retaliated against them because of their sexual orientation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e17.  (ECF No. 1 at PageID 6.)  Defendant is not trying to dismiss this part of the case.  But Plaintiff Walsh also alleges that Defendant discriminated against him because of his HIV positive condition in violation of the ADA.  (*Id.*)

Defendant employed Plaintiffs at its McDonald's franchise location in Atoka, Tennessee.  (*Id.* at PageID 3.)  Mr. Walsh and Mr. Dailey both identify as homosexual and are romantic partners.  (*Id.* at PageID 5.)  Mr. Walsh is also HIV positive.  (*Id.* at PageID 3.)  Defendant allegedly knew about Plaintiffs' sexual orientation and that Mr. Walsh had HIV before hiring Plaintiffs.  (*Id.* at PageID 5.)

During Plaintiffs' employment, McDonald's employees allegedly engaged in inappropriate and demeaning behavior towards Plaintiffs because of their sexual orientation and their romantic relationship.  (*Id.* at PageID 4–5.)  The store manager, Pamela Foster, started many of the discriminatory acts.  She allegedly told Mr. Dailey to change his hair because it "made him look girly, and we want manly men working here."  (*Id.* at PageID 3.)  Additionally, Ms. Foster met with Plaintiffs and allegedly recorded their conversation without their consent.  (*Id.* at PageID 4.)  And Ms. Foster allegedly made derogatory comments about Plaintiffs in front of customers, texted other employees about Plaintiffs, and spread "malicious" rumors about them.  (*Id.* at PageID 4–5.)

---

[2] The Court accepts all of Plaintiffs' allegations as true under Fed. R. Civ. P. 12.  *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (discussing 12(b)(6) standard).

Defendant fired Plaintiffs two months after hiring them.  (*See* ECF No. 14-1 at PageID 54.)  Mr. Walsh believes that Defendant terminated him not only because of his sexual orientation, but also because of he is disabled with HIV.  (*Id.* at PageID 5.)

Following his termination, Mr. Walsh completed an EEOC Intake Questionnaire ("Questionnaire").  (ECF No. 14-1 at PageID 54.)  The Questionnaire lists many categories of discrimination including "race," "sex," "age," "disability," and "religion," among others, next to a check-off box.  (*Id.* at PageID 55.)  The Questionnaire asks the claimant to check the boxes that denote the reason for their employment discrimination claims.  (*Id.*)  Mr. Walsh apparently initially checked the box for disability but then crossed it out.

Below that section of the form, on a line for "other reasons for discrimination", Mr. Walsh wrote "sexual orientation."  (*Id.*)  The Questionnaire also instructs the claimant employee to complete a certain portion of the form "only if" the employee is claiming discrimination based on disability.  (ECF No. 14-1 at PageID 56.)  Mr. Walsh left blank that portion of the Questionnaire.  (*Id.*)  And the Questionnaire's narrative description of the discrimination did not mention that Mr. Walsh has HIV or that Defendant discriminated against him because of that or any other disability.  (*Id.* at PageID 58.)  His description of alleged discrimination instead centers on his sexual orientation only.  (*Id.*)

About two months later, Mr. Walsh completed an EEOC Charge of Discrimination form ("Charge").[3]  (ECF No. 8-1 at PageID 22.)  Much like the Questionnaire, the Charge lists categories of employment discrimination and prompts the employee to check all the boxes that apply to their employment discrimination claim.  (*Id.*)  Mr. Walsh checked the boxes for "sex" and "retaliation."  (*Id.*)  He did not, however, check the box for disability.  (*Id.*)

---

[3] Mr. Dailey also submitted an individual Charge to the EEOC.  (ECF No. 1 at PageID 2.)

The Charge also allows the employee to write a narrative about the "particulars" of the discrimination. (*Id.*) Mr. Walsh writes that Defendant discriminated and retaliated against him because of his sexual orientation. (*Id.*) But he never mentions that he is HIV positive or that Defendant discriminated against him for that reason. (*Id.*)

The EEOC issued a right to sue letter to both Plaintiffs, who then timely sued. (ECF 1-3 at PageID 14–15.) Defendant now moves to dismiss Mr. Walsh's ADA claims for failure to state a claim upon which relief can be granted. (ECF No. 8.)

## ANALYSIS

### I.     Legal Standard for 12(b)(6) Motion to Dismiss

Courts assess whether a complaint states a claim upon which relief can be granted under the standards for Rule 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), and in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555–557 (2007). "Accepting all well-pleaded allegations in the complaint as true, the court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). To survive a motion to dismiss under 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Though a court will grant a motion to dismiss if a plaintiff has no plausible claim for relief, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). "A complaint should only be dismissed if it is clear to the court that 'no relief could be granted under any set of facts that could be proved consistent

with the allegations.'" *Herhold v. Green Tree Servs., LLC*, 608 F. App'x 328, 331 (6th Cir. 2015) (quoting *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003)).

Defendant asks this Court to dismiss Mr. Walsh's ADA claims under Rule 12(b)(6) because he did not exhaust his administrative remedies under 42 U.S.C. § 12117(a). (ECF No. 8.) The Court now turns to the ADA's exhaustion requirements.

## II.     Legal Standard for Exhaustion of Administrative Remedies Under the ADA

To sue an employer for violating the ADA, an employee must first file a charge of discrimination with the EEOC within 300 days of the alleged discrimination. *See* 42 U.S.C. § 12117(a); § 2000e-5(e)(1). Then to exhaust his administrative remedies, he must include all of his employment discrimination claims in that charge of discrimination. *Russ v. Memphis Light Gas & Water Div.*, 720 F. App'x 229, 236 (6th Cir. 2017).

But because EEOC charges are often filed pro se, "[a] complainant need not 'attach the correct legal conclusion' to allegations in the charge, 'conform to legal technicalities,' or use 'the exact wording which might be required in a judicial pleading.'" *Jones v. Sumser Ret. Vill.*, 209 F.3d 851, 853 (6th Cir. 2000) (quoting *Davis v. Sodexho, Cumberland Coll. Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998)). What is more, "[a]n administrative charge filed with the EEOC that has been prepared by a non-lawyer without assistance from or representation by an attorney should be liberally and broadly construed to encompass all claims reasonably expected to grow out of the EEOC investigation of the charge made."[4] *Seay v. Tenn. Valley Auth.*, 340 F. Supp. 2d

---

[4] In his Questionnaire, Mr. Walsh says he "sought help about this situation" from Attorney William A. Wooten at the Wooten Law Office. (ECF No. 14-1 at PageID 57.) Though Mr. Wooten is Plaintiff's attorney here, it is not clear that Mr. Wooten also helped Mr. Walsh prepare his Charge. Under a 12(b)(6) motion to dismiss, the Court reads the facts in Plaintiff's favor. *Directv, Inc.*, 487 F.3d at 476. As a result, the Court will liberally construe Plaintiff's EEOC charge as if he filed it pro se.

5

844, 849 (E.D. Tenn. 2004). And so, under this liberal standard, failing to allege or to check-off the box for a specific form of discrimination in the EEOC charge does not decide whether the plaintiff exhausted his administrative remedies. *Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004).

But if a plaintiff wants to recover for claims that he omitted from the EEOC Charge form, the omitted claims must relate to or arise from those claims that Plaintiff did include in the charge. *Id.*; *Russ*, 720 F. App'x at 236 ("Only claims that are included in the charge or are 'reasonably related to or grow out of the factual allegations in the EEOC charge' may be heard in federal court." (quoting *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 363 (6th Cir. 2010))). "The claim must grow out of the [EEOC's] investigation or the facts alleged in the charge must be sufficiently related to the claim such that those facts would prompt an investigation of the claim." *Johnson v. Cleveland City Sch. Dist.*, 344 F. App'x 104, 109 (6th Cir. 2009).

So the Court's analysis focuses on whether the factual allegations in the charge would put the EEOC on notice of the plaintiff's uncharged claim. If so, the EEOC typically investigates or "facilitate(s) conciliation procedures" with the employer about the uncharged claim. *Dixon*, 392 F.3d at 217; *Pearison v. Pinkertons, Inc.*, No. 1:02-CV-142, 2002 WL 32060142, at *4–5 (E.D. Tenn. Sept. 16, 2002) (finding that the plaintiff's uncharged claim was not reasonably related to charge where plaintiff presented "no factual allegations" prompting state agency to investigate unrelated claims).

### III.  Discussion of Mr. Walsh's Exhaustion of His Administrative Remedies

Mr. Walsh's Charge did not allege that he experienced disability discrimination. (*See* ECF No. 8-1.) As a result, the Court must determine whether Mr. Walsh's disability

6

discrimination claim reasonably grows from the sexual orientation discrimination he does allege in his Charge. *Russ*, 720 F. App'x at 236. It does not.

Plaintiff now argues that the Charge describes Defendant's employees spreading rumors about Plaintiff and belittling him. (ECF No. 14 at PageID 49.) He claims that "[a]n investigation of this charge and charge attachment by the EEOC would have allowed Plaintiff Walsh to easily explain what the rumors and belittling were, including the discriminating actions and comments regarding Plaintiff's disability (HIV)." (*Id.*)

These arguments are not persuasive. An investigation of Plaintiff's Charge of sexual orientation discrimination would not necessarily lead the EEOC to investigate disability discrimination. Mr. Walsh never mentioned in his Charge that he is HIV positive. He never mentioned any disability discrimination in either his EEOC Questionnaire or Charge.[5] (*See* ECF Nos. 14-1 & 8-1.) In the Questionnaire, Mr. Walsh checked the box for disability, but then struck through it and instead wrote "sexual orientation" in the section of the form for "other" types of discrimination. (ECF No. 14-1 at Page ID 55.) Also Mr. Walsh did not complete the portion of the Questionnaire that specifically requests information about the employee's disability. (*Id.* at PageID 56.) And the written description of the discrimination does not mention that he has HIV or that he felt targeted because of his alleged disability. (*Id.* at PageID 58.)

---

[5] Several circuits have held that courts should not consider intake questionnaires for exhaustion purposes. *See Russ*, 720 F. App'x at 237 (collecting cases). But the Sixth Circuit has considered an intake questionnaire when analyzing a plaintiff's exhaustion of remedies. *Id.* (stating that "even assuming that intake questionnaires may be considered," plaintiff's references to race in questionnaire were insufficient to give EEOC notice). And so the Court here considers the allegations in Mr. Walsh's Questionnaire.

What is more, Mr. Walsh did not mention his HIV positive condition in his Charge. (ECF No. 8-1 at PageID 22.) Mr. Walsh did not check the box for disability, and only signified that his discrimination claims were based on sex and retaliation. (*Id.*) Most importantly, nothing in the narrative portion of the EEOC charge suggests disability discrimination, and there is no language that would have put the EEOC on notice of Mr. Walsh's uncharged disability claim. In the narrative description of his claims, Mr. Walsh describes how he disclosed his sexual orientation to Defendant when it hired him; that Ms. Foster retaliated against him for disclosing his sexual orientation; and that Defendant "discriminated and retaliated against [him] because of [his] sex (male-sexual orientation) in violation of Title VII of the Civil Rights Act of 1964, as amended." (*Id.*) Nowhere does Plaintiff mention that he is HIV positive or that Defendant discriminated against him because of his disability.

All in all Plaintiff's Charge contains no factual allegations about his diagnosis with HIV or about discrimination in violation of the ADA. As a result, the EEOC would not have had notice of Mr. Walsh's disability discrimination claim. *See Younis*, 610 F.3d at 363 (finding plaintiff's retaliation claim did not grow from charge where plaintiff did not check retaliation box on form and narrative portion of charge did not mention retaliation); *Abeita v. TransAmerica Mailings, Inc.*, 159 F.3d 246, 254 (6th Cir. 1998) (finding the plaintiff could not bring retaliation claims because plaintiff neither checked retaliation box in EEOC charge, nor described any actions supporting a retaliation claim); *Gant v. S Means, LLC*, No. 1:19-cv-00090, 2020 WL 2512826, at *3–4 (M.D. Tenn. May 15, 2020) (holding plaintiff could not bring race discrimination claim even though plaintiff spoke to EEOC about it, because charge contained no facts on race discrimination); *Christiansen v. Omnicom Grp., Inc.*, 167 F. Supp. 3d 598, 610-11 (S.D.N.Y. 2016), *aff'd in part, rev'd in part on other grounds*, 852 F.3d 195 (2d Cir. 2017)

(finding plaintiff's HIV disability claim was not reasonably related to EEOC charge that only mentioned AIDS once in a different context).

In sum, Plaintiff does not list or identify his disability claims on the Questionnaire or Charge.  Plus, the disability claims here do not reasonably grow from his charged sexual orientation claims.  And the claims in his Charge would not have prompted the EEOC to investigate disability discrimination.[6]

## **CONCLUSION**

Mr. Walsh therefore failed to exhaust his administrative remedies as to his ADA claims. The Court thus **GRANTS** Defendant's motion to dismiss Mr. Walsh's disability discrimination claims.

**SO ORDERED**, this 3rd day of December, 2020.

                                                    s/Thomas L. Parker
                                                    THOMAS L. PARKER
                                                    UNITED STATES DISTRICT JUDGE

---

[6] Plaintiff also argues that Defendant had notice of Plaintiff's disability claims through the Questionnaire and a demand letter Plaintiff sent Defendant.  (ECF No. 14-1.)  But the exhaustion of administrative remedies inquiry asks whether the Charge would put the EEOC on notice of the plaintiff's uncharged claims, not the defendant.  *See Dixon*, 392 F.3d at 218.